UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAMIRO ZUNIGA-ORTIZ,<br>　Movant, | §<br>§<br>§ | |
| v. | § | Civil Action No. 1:18-cv-110 |
| | § | Criminal Case No. 1:17-cr-372-1 |
| UNITED STATES OF AMERICA,<br>　Respondent. | §<br>§<br>§ | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

The Court is in receipt of Ramiro Zuniga-Ortiz's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Zuniga-Ortiz's "Motion" or "§ 2255 Motion"). Dkt. No. 1. It is recommended that the Court **DISMISS** Zuniga-Ortiz's § 2255 Motion with prejudice and direct the Clerk of Court to close this case. It is further recommended that a certificate of appealability not be issued.

## I.　Jurisdiction

This Court has jurisdiction over Zuniga-Ortiz's Motion pursuant to 28 U.S.C. §§ 1331, 2255.

## II.　Background and Procedural History

On May 31, 2017, Zuniga-Ortiz pleaded guilty to being an alien unlawfully found in the United States after deportation following a conviction of a felony, in violation of 8 U.S.C. §§ 1326(a), 1326(b)(1). *See United States of America v. Ramiro*

*Zuniga-Ortiz*, Case No. 1:17-cr-372-1, Cr. Dkt. Minute Entry dated May 31, 2017.[1] On August 30, 2017, United States District Judge Rolando Olvera sentenced Zuniga-Ortiz to 24 months of imprisonment, and imposed a special assessment of $100.00. Cr. Dkt. Minute Entry dated Aug. 30, 2017. Judgment was entered on September 12, 2017. Cr. Dkt. No. 26. Zuniga-Ortiz did not file a direct appeal or a petition for writ of certiorari in the United States Supreme Court. Dkt. No. 1 at 2. On or about July 12, 2018, Zuniga-Ortiz timely filed his § 2255 Motion. In his Motion, Zuniga-Ortiz raised an ineffective assistance of counsel claim, alleging that counsel "permitted and increment of one point according to the guide lines when the sentence wa[s] given to his client, as a result of this the sentence was greater than it should have been." Dkt. No. 1 at 4 (errors in original). He argues that this violated his Sixth Amendment right to effective counsel. *Id.*

On July 22, 2019, the Court issued an Order to Show Cause, which noted that Zuniga-Ortiz had been released from Bureau of Prisons Custody. Dkt. No. 14. The Court notified Zuniga-Ortiz of his duty to update his address and ordered him to inform the Court as to whether he wished to proceed with his claims in light of his release from custody. The Clerk mailed Zuniga-Ortiz a copy of that Order via Certified Mail, return receipt requested. Dkt. No. 15. A certified return receipt was returned as undeliverable, and Zuniga-Ortiz has not otherwise responded to the Order to Show Cause.

---

[1] "Cr. Dkt. No." refers to docket entries in Zuniga-Ortiz's criminal case, Case No. 1:17-cr-372-1. All other references to a "Dkt. No." refer to the instant civil action, Case No. 1:18-cv-110.

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

Rule 41 of the Federal Rules of Civil Procedure states that if a plaintiff fails to comply with a court order, dismissal of the action is proper, and that the dismissal acts as an adjudication on the merits. See FED. R. CIV. P. 41(b). Despite Rule 41(b) contemplating dismissal upon defendant's motion, a court has the power to dismiss sua sponte. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 113 L. Ed. 2d 27 (1991); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *McNeal v. Papasan*, 842 F.2d 787, 789 (5th Cir. 1988).

The Court became aware that Zuniga-Ortiz had been released from custody of the Bureau of Prisons but had not updated his address or otherwise inquired into the status of his case. *See* Dkt. No. 14. The Court issued an Order to Show Cause to ascertain whether Zuniga-Ortiz wished to continue prosecuting his claims. *Id.* The Order to Show Cause was sent to Zuniga-Ortiz's last known address of record. Delivery cannot be confirmed, but Zuniga-Ortiz's deadline to respond to that Order has lapsed. *See* Dkt. No. 14, 15. Therefore, as Zuniga-Ortiz has not updated his address or otherwise advised the Court as to whether he wishes to continue prosecuting his claims, Zuniga-Ortiz's claims should be dismissed pursuant to Rule 41(b) for failing to abide by the Court's Order to Show Cause and failing to prosecute his claims.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (internal quotations and citations omitted). Stated differently, where claims have been dismissed on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Zuniga-Ortiz has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

For the foregoing reasons, it is recommended that the Court **DISMISS** Zuniga-Ortiz's § 2255 Motion with prejudice and direct the Clerk of Court to close this case. It is further recommended that a certificate of appealability not issue.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

SIGNED on this 23rd August, 2019, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**